Convicted Felony — Restoration of Rights The Legislature cannot authorize the restoration of the right to vote to a person convicted of a felony. The Attorney General has had under consideration your letter of January 29, 1968, wherein you request a formal opinion from this office on the following question: Can the Legislature authorize the restoration of the right to vote to a person convicted of a felony? The people of the State on May 5, 1964, adopted State Question No. 412, which amended Article III, Section 1 of the Oklahoma Constitution to provide: "Qualified electors of this State shall be citizens of the United States, citizens of the state, including persons of Indian descent (native of the United States), who are over the age of twenty-one years and who have resided in the state at least six months, in the county two months, and in the election precinct twenty days next preceding the election at which such elector offers to vote. No person shall be a qualified elector of this state who is adjudged guilty of a felony, who is detained in a penal or correctional institution, who is a patient in an institution for mental retardation, or who had been committed, by judicial order, to an institution for mental illness." (Emphasis added) Prior to the adoption of State Question 412, Article III, Section 1 read: "Qualified electors of this State shall be citizens of the United States, citizens of the State, including persons of Indian descent, (native of the United States), who are over the age of twenty-one years and who have resided in the State one year, in the county six months, and in the election precinct thirty days next preceding the election at which such elector offers to vote. Provided, that no person adjudged guilty of a felony, subject to such exceptions as the legislature may prescribe, nor any person kept in a poor house at public expense, except Federal, Confederate and Spanish-American ex-soldiers or sailors, nor any person in a public prison, nor any American ex-soldiers or sailors, nor any person in a public prison, nor any idiot or lunatic, shall be entitled to register and vote." (Emphasis added) In the case of Ogden v. Hunt, Okl., 286 P.2d 1088, it is stated that, "All courts recognize that if the wording of a provision of a statute or constitution is plain, clear and unambiguous, its evident meaning must be accepted and there is no reason or justification for the use of interpretative devices to fabricate a different meaning." After reading Article III, Section 1 of the Oklahoma Constitution and noting the changes which were made when it was amended, it appears clear that the legislature did have the power to make "exceptions" to the constitutional mandate that "no person adjudged guilty of a felony . . . shall be entitled to register and vote." However, the amendment of Article III, Section 1 of the Oklahoma Constitution, above referred to, removed the power of the Legislature to make exceptions. It now only provides that, ". . . No person shall be a qualified elector of this State who is adjudged guilty of a felony, who is detained in a penal or correctional institution, who is a patient in an institution for mental retardation, or who has been committed, by judicial order, to an institution for mental illness." It is the opinion of the Attorney General that the Legislature cannot authorize the restoration of the right to vote to a person convicted of a felony. (Brian H. Upp)